# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA E.,[1]<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL,[2]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 5:18-cv-01025-MAA<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

On May 11, 2018, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying her applications Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is affirmed, and this action is dismissed with prejudice.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

# PROCEDURAL HISTORY

On September 2, 2014, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning on February 15, 2013. (Administrative Record [AR] 227, 373-86.) Plaintiff alleged disability due to fibromyalgia, depression, and sleep apnea. (AR 241, 258, 274.) After her applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 227, 335-36.) At a hearing held on April 14, 2017, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 1006-34.)

In a decision issued on August 23, 2017, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 227-38.) Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of February 15, 2013. (AR 230.) She had severe impairments consisting of fibromyalgia, rheumatoid arthritis, and obesity. (*Id.*) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 232-33.) She had a residual functional capacity for light work with additional postural, manipulative, and environmental limitations. (AR 233.) Plaintiff was unable to perform her past relevant work as a child monitor, teacher aide, or special education teacher. (AR 236.) However, she could perform other jobs existing in significant numbers in the national economy, specifically in the occupations of counter clerk, rental clerk, and usher. (AR 237.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 238.)

On April 17, 2018, the Appeals Council denied Plaintiff's request for review. (AR 6-9.) Thus, the ALJ's decision became the final decision of the Commissioner.

# DISPUTED ISSUE

The parties raise the following disputed issue: whether the vocational expert testimony is reliable enough to constitute substantial evidence based on the record. (ECF No. 23, Parties' Joint Stipulation ["Joint Stip."] at 4.)

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

**A.   Legal Standard.**

At step five of the Commissioner's five-step sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *see also* 20 C.F.R. §§ 404.1566(b), 416.966(b). An ALJ's determination at step five involves

"exploring two issues." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). First, the ALJ must identify the types of jobs that a person could perform despite the claimant's limitations. *See id.* Second, the ALJ must ascertain that such jobs exist in significant numbers in the national economy. *See id.* Both determinations may require the assistance of a vocational expert ("VE"). *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001) (describing the VE's role in identifying suitable occupations); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (describing the VE's role in providing job numbers).

**B.  Background.**

The ALJ's hypothetical question to the VE contemplated an individual with Plaintiff's age, education, work history, and the following limitations:

> [The person] is limited to light exertion work except the individual is never able to climb ladders, ropes, or scaffolds. May occasionally climb ramps or stairs. Occasionally balance, stoop, kneel, crouch, and crawl. Occasionally handle, finger, and grasp with the bilateral upper extremities. And may have no exposure to unprotected heights and moving mechanical parts.

(AR 1028-29.)

The VE responded that such a person could perform jobs existing in significant numbers in the national economy. (AR 1029.) Specifically, the person could perform three occupations: (1) counter clerk (Dictionary of Occupational Titles [DOT] 249.366-010), which has 447,000 jobs in the national economy; (2) rental clerk (DOT 295.357-018), which has 400,000 jobs in the national economy; and (3) usher (DOT 344.677-014), which has 100,000 jobs in the national economy. (AR 1029.) The ALJ accepted the VE's testimony to conclude, at step five, that Plaintiff could perform other work existing in significant numbers in the national economy and therefore was not disabled. (AR 237.)

4

When Plaintiff sought review by the Appeals Council, she submitted additional evidence. (AR 11-101, 109-222.) In pertinent part, Plaintiff submitted vocational materials challenging the reliability of the VE's testimony about suitable occupations and job numbers. (AR 111-222.) That evidence consisted of, among other things, information from the DOT, the Occupational Outlook Handbook ("OOH") and the O*Net Online ("O*Net"). (*Id.*) The Appeals Council denied Plaintiff's request for review. (AR 6-9.)

## C.  Analysis.

Although Plaintiff broadly characterizes her claim as a challenge to the reliability of the VE's testimony, Plaintiff raises three distinct arguments, which the Court considers below in turn.

### 1.  Job numbers.

Plaintiff's first argument is that the VE's methods for calculating job numbers in the national economy was unreliable. (Joint Stip. at 6-7.)

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). However, "work which exists in the national economy can be satisfied by work which exists in significant numbers *either* in the region where such individual lives *or* in several regions of the country." *Gutierrez v. Commissioner of Social Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (emphasis in original); *see also* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If either number is significant, the ALJ's finding about job numbers must be upheld. *See Beltran*, 700 F.3d at 390.

Here, the VE testified about jobs that existed nationally, or in several regions of the country: the occupation of counter clerk had 447,000 jobs, the occupation of rental clerk had 400,000 jobs, and the occupation of usher had 100,000 jobs, for a total of 947,000 jobs. (AR 1029.) Although the Ninth Circuit does not have a

bright-line rule for what constitutes a significant number of jobs, 947,000 national jobs easily satisfy any standard. *See Gutierrez*, 740 F.3d at 528-29 (holding that 25,000 national jobs constituted a significant number).

Plaintiff challenges the VE's job numbers by citing Seventh Circuit decisions for the proposition that such job numbers must be the result of an ascertainable and reliable methodology. (Joint Stip. at 6-7.) But the Seventh Circuit's standard is not binding in the Ninth Circuit and, more significantly, has been rejected by the Supreme Court. *See Biestek*, 139 S. Ct. at 1153-54 (rejecting the Seventh Circuit's categorical rule that a VE must provide supporting data for jobs numbers upon demand). Indeed, an ALJ may accept a VE's testimony about job numbers as substantial evidence even if the VE refuses or fails to provide supporting data for how the job numbers had been calculated. *See id.* at 1155-56 (holding that a VE's testimony may be substantial evidence even when unaccompanied by supporting data or when the VE refuses to produce data); *Bayliss*, 427 F.3d at 1218 ("A VE's recognized expertise provides the necessary foundation for his or her testimony.").

In such circumstances, as here, where the VE is not asked to explain how he had calculated his job numbers, the question of whether the VE's testimony rises to the level of substantial evidence is "case-by-case." *See Biestek*, 139 S. Ct. at 1157. Relevant factors include the VE's credentials and experience, the cogency of his testimony, and the existence of conflicting evidence in the rest of the record. *See id.* at 1155. A VE's testimony should not be accepted if, for example, he or she is insufficiently qualified or gives testimony "that is so feeble, or contradicted, that it would fail to clear the substantial-evidence bar." *See id.* at 1155-56.

Based on the relevant factors, the VE's testimony here was substantial evidence. The VE had a Ph.D. in industrial/organizational psychology and had experience in testifying as an expert in Social Security cases since 1987. (AR 480.) At the hearing, Plaintiff did not object to the VE's qualifications to testify as an
///

expert. (AR 1026.) The VE was cogent and fully responsive to all the questions posed to him by the ALJ and Plaintiff's attorney. (AR 1026-31.)

Moreover, the rest of the record, including the evidence that Plaintiff submitted for the first time to the Appeals Council (AR 109-222), did not undermine the VE's testimony about job numbers. In the first place, Plaintiff's new evidence relies in part on a vocational source, the O*Net (AR 109-10), that is not listed in the Commissioner's regulations as an example of reliable information that is subject to administrative notice for job information. *See* 20 C.F.R. §§ 404.1566(d), 416.966(d). It also is not entirely clear how Plaintiff used that resource to calculate job numbers. (AR 109-10.) But even assuming that Plaintiff's new evidence consisted only of information that was widely recognized as reliable and transparent, such evidence still would establish a significant number of jobs. Based on Plaintiff's own information, the three occupations identified by the VE resulted in, collectively, at least half a million jobs in the nation. (AR 110, 112.) Although Plaintiff's number is considerably lower than the VE's number of 947,000 national jobs, in either case the number easily exceeds the 25,000 national jobs recognized as significant in *Gutierrez*, 740 F.3d at 528-29. Thus, even accepting Plaintiff's job numbers at face value, the VE's testimony was not "so feeble, or contradicted" that it failed to clear the substantial-evidence bar. *See Biestek*, 139 S. Ct. at 1155-56.

In sum, the VE's testimony was substantial evidence to support the ALJ's finding at step five that jobs existed in significant numbers for a person with Plaintiff's limitations. Thus, this argument does not warrant reversal.

**2. Suitable occupation.**

Plaintiff's second argument is that one of the occupations that the VE identified, usher, was unsuitable because her limitation to occasional use of her hands conflicts with the requirements of that occupation. (Joint Stip. at 8.)

7

Plaintiff's informational source for this conflict is the O*Net, which states that the usher occupation sometimes requires more than occasional use of the hands. (*Id.*)

The DOT is the Commissioner's "primary source of reliable job information" and creates a rebuttable presumption as to a job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). An ALJ may not rely on a VE's testimony regarding the requirements of suitable occupations that the claimant might be able to perform without first inquiring of the VE whether his testimony conflicts with the DOT and without obtaining a reasonable explanation for any apparent conflicts. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p). An ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. *Johnson*, 60 F.3d at 1435; *see also Tommasetti*, 533 F.3d at 1042; *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997).

The ALJ fulfilled his duty of inquiry by ensuring that the VE's testimony about suitable occupations was consistent with the DOT. According to the DOT, the occupation of usher requires occasional handling and fingering (meaning that the activity exists up to one-third of the time). *See* DOT 344.677-014 (Usher). This is consistent with Plaintiff's limitation to occasional handling, fingering, and grasping with the bilateral upper extremities. (AR 233.) Thus, because no apparent conflict existed between the VE's testimony and the DOT as to the occupation of usher, the ALJ did not err by failing to explore this issue further.

Plaintiff's challenge to the suitability of the usher occupation is based on a non-DOT vocational source, the O*Net, that does not override the DOT. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 n.6 (9th Cir. 2017) (as amended Feb. 28, 2018) (noting that the duty to reconcile conflicting vocational information was established "only for the DOT and the associated document," not for other vocational sources); *see also, e.g., Mendoza v. Berryhill*, 2019 WL 1259434, at *6

(E.D. Cal. Mar. 19, 2019) ("No case, regulation or statute suggests that an ALJ must *sua sponte* take administrative notice of the OOH or O*Net.") (collecting cases). But even assuming for purposes of argument that the O*Net conclusively demonstrated, contrary to the DOT, that the occupation of usher was unsuitable here, the VE identified two other occupations, counter clerk and rental clerk, that Plaintiff does not challenge as unsuitable and that by themselves produce a significant number of jobs. (AR 237.) Any error by the ALJ in relying on the usher occupation at step five would have been harmless. *See Buckins v. Berryhill*, 706 F. App'x 380, 381 (9th Cir. 2017) (an ALJ's error in relying on an unsuitable occupation would be harmless where the ALJ identifies alternative occupations yielding a significant number of jobs); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) (same). Thus, this argument does not warrant reversal.

### 3. Substantial gainful activity.

Plaintiff's final argument is that the occupation of usher, one of the three occupations identified by the VE, does not meet the definition of substantial gainful activity. (Joint Stip. at 8.)

The term "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) (citations omitted).

Plaintiff contends that the occupation of usher does not involve substantial gainful activity because most usher jobs are part time, requiring less than 2,079.3 hours per year. (Joint Stip. at 8.) This contention is not well-taken because part-time work can be substantial gainful activity. *See* 20 C.F.R. §§ 404.1572(a), 416.972(a) ("Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked

before."); *Katz v. Secretary of Health & Human Services*, 972 F.2d 290, 292 (9th Cir. 1992) ("[T]he fact that Katz worked only part-time is not alone enough to conclude that she was not engaged in [substantial gainful activity]."); *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) ("A five-hour work day can constitute substantial activity."). But even if Plaintiff were correct that the occupation of usher was not substantial gainful activity, any error by the ALJ in relying on it would be harmless because the ALJ identified the alternative occupations of counter clerk and rental clerk as substantial gainful activity and Plaintiff does not contest those. *See Buckins*, 706 F. App'x at 381; *Lara*, 305 F. App'x at 326. Thus, this argument does not warrant reversal.

## ORDER

It is ordered that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: August 2, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE